RECEIVED
JUN 24 2004
OFFICE OF
JUDGE TENA CAMPBELL

FILED
CLERK, U.S. DISTRICT COURT
2004 JUL -9 A 10: 02
DISTRICT OF UTAH
BY: DEPUTY CLERK

RECEIVED CLERK
JUN 24 2004
U.S. DISTRICT COURT

Daniel W. Anderson, A0080
Bradley L. Tilt, A7649
FABIAN & CLENDENIN,
a Professional Corporation
215 South State Street, Twelfth Floor
P.O. Box 510210
Salt Lake City, Utah 84151-0210
Telephone: (801) 531-8900

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COUNTRYWIDE HOME LOANS, INC., a New York corporation; and MICHAEL JERRY ZUNIGA,<br><br>Plaintiffs,<br><br>vs.<br><br>ARBITRATION ALLIANCE INTERNATIONAL, LLC, a Utah limited liability company; WINSTON SHROUT; NICKOLAS Wm. BIRD; REBECCA NELSON; FREDERICK D. JONES; RICHARD F. ZUMPANO; JOHN DOES 1 through 10; and JANE DOES 1 through 10,<br><br>Defendants. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Civil No. 2:04CV00390 TC<br><br>Judge: Tena Campbell |

The following matters came on for hearing before the Court, the Honorable Judge Tena Campbell presiding, on June 9, 2004 (the "**Hearing**"):



1. The preliminary injunction portion of the *"Ex Parte* Motion of Plaintiffs for Issuance of a Temporary Restraining Order and Preliminary Injunction" (the "**Motion for Preliminary Injunction**"), and

2. The Plaintiffs' "Motion to Vacate Purported Arbitration Award" (the "**Motion to Vacate**").

Plaintiffs were represented at the Hearing by Bradley L. Tilt of Fabian & Clendenin. Sabrina Morgan, on behalf of Plaintiff Countrywide Home Loans, Inc., and Plaintiff Michael Jerry Zuniga also both attended the Hearing.

Defendants Richard F. Zumpano ("**Zumpano**") and Winston Shrout ("**Shrout**") each were given notice of the Hearing, but both failed to attend. Zumpano and Shrout both have also failed to plead or otherwise appear and defend in this case.

The Court, having reviewed the motions, the supporting memorandum and affidavits, and all other pleadings and papers on file herein, and otherwise being fully informed, the Court now enters the following:

## FINDINGS OF FACT

1. Plaintiff Countrywide Home Loans, Inc. ("**Countrywide**") loaned to Zumpano an original principal amount of $218,000.00, secured by a first-position lien upon real property owned by Zumpano in the State of Illinois (the "**First Loan**"), and later loaned to Zumpano an additional principal amount of $30,000.00, secured by a second-position lien upon the Zumpano property (the "**Second Loan**").

2. Zumpano defaulted on both the First Loan and the Second Loan.

3. During the foreclosure process, Zumpano arranged for a voluntary sale of the subject real property, but the amount Zumpano negotiated for the sale of the property was not sufficient to satisfy both the First Loan and the Second Loan.

4. As an inducement to obtain Countrywide's consent to the proposed sale of the property and to release both of its liens on such property without foreclosure, on or about March 31, 2003, Zumpano executed and delivered to Countrywide a document entitled "Unsecured Promissory Note" promising to repay to Countrywide a portion of the deficiency that still remained due and owing from him to Countrywide on the underlying loans above and beyond the sale price for the property (the "**Deficiency Note**"). The Deficiency Note is identified as Exhibit "A" to the Affidavit of Sabrina Morgan, dated April 30, 2004 (the "**Morgan Affidavit**") on file herein.

5. Other than the Deficiency Note, and the various documents relating to the underlying First Loan and Second Loan (which also are identified as a part of Exhibit "A" to the Morgan Affidavit), there does not exist any other contract or other agreement of any type or nature between Countrywide, on the one hand, and Zumpano, on the other hand.

6. The Deficiency Note does not contain, nor do any of the documents relating to the underlying First Loan or the Second Loan contain, any language, terms, or provisions that in any way submit or agree to submit to arbitration any claims, disputes, or causes of action in any way involving Zumpano.

7. There does not exist any contract or agreement of any type or nature between Michael Jerry Zuniga ("**Zuniga**") personally, on the one hand, and Zumpano, on the other hand.

8. Zumpano's purported right to arbitrate supposedly arises from a letter that he drafted and sent to Countrywide(the "**Zumpano Letter**"), which is identified as Exhibit "B" to the Morgan Affidavit.

9. The Zumpano Letter was addressed to "Michael Zunign", Countrywide Home Loans, 450 American St., Simi Valley, CA 93065.

10. Countrywide has no employee, officer, director, representative, or agent (for receipt of service of process or otherwise) named "Michael Zunign". Even if the Zumpano Letter was intended to be addressed to the attention of Zuniga, a former Countywide employee and one of the Plaintiffs in this case, he is not and has never been, an officer nor a managing or general agent of Countywide, nor any other agent authorized or otherwise empowered to receive or otherwise accept service of process or any papers for or on behalf of Countywide to bind Countrywide to any type of legal proceedings whatsoever.

11. Neither Countrywide nor Zuniga ever consented or agreed to any of the contents of the Zumpano Letter.

12. Neither Countrywide nor Zuniga even received the Zumpano Letter until December 4, 2003, after the Purported Arbitration Case (as those terms are defined below) that is the subject of this lawsuit had already been filed.

13. There is no real, legally binding agreement between Countrywide and/or Zuniga, on the one hand, and Zumpano, on the other hand, that provides for or agrees to arbitration. The Zumpano Letter is Zumpano's own unilateral letter, and is not any valid, binding, or enforceable contract or agreement by Countrywide nor by Zuniga to submit to arbitration.

14. Neither Countrywide nor Zuniga have ever agreed to submit to arbitration any claim, dispute, or cause of action in any way involving Zumpano.

15. Countrywide has not defaulted on any obligation to Zumpano, under The Deficiency Note, or otherwise.

16. Zuniga does not have, and has not breached, any contract with or other obligation to Zumpano.

17. On November 12, 2003, Zumpano purported to initiate with Defendant Arbitration Alliance International, LLC ("**AAI**") an arbitration case (the "**Purported Arbitration Case**") making various claims and demands apparently, although it is unclear, against both Countrywide and Zuniga (albeit under the incorrect name "Zunign") for a purported "dishonor and default" under an unidentified "agreement," and seeking damages in the amount of $40,000.00, plus interest at the rate of 18%". Zumpano's "Claim/Demand for Arbitration" (the "**Purported Arbitration Claim**") dated November 12, 2003, that was filed with AAI to initiate the Purported Arbitration Case is identified as Exhibit "C" to the Morgan Affidavit.

18. In a purported "Proof of Service" (which is included with the Purported Arbitration Claim as a part of Exhibit "C" to the Morgan Affidavit), Zumpano claims he served, by certified mail, the Purported Arbitration Claim, and various other documents, upon "Michael Zunign, Countrywide Home Loans".

19. Zumpano never petitioned any United States district court for, nor obtained from any United States district court, any order directing or compelling Countrywide's nor Zuniga's participation in any arbitration with Zumpano.

20. Neither Countrywide nor Zuniga were ever served with any notice of any proceedings commenced by or on behalf of Zumpano in any United States district court for any order directing or compelling either of them to participate in any arbitration with Zumpano. Nor were Countrywide or Zuniga ever served with any order of any United States district court directing or compelling them to arbitrate with Zumpano.

21. On February 9, 2004, AAI issued a purported "Award" (the "**Purported Arbitration Award**") in the Purported Arbitration Case, which, among other things, purportedly awarded damages in favor of Zumpano in the total amount of $40,900.00. The Purported Arbitration Award is identified as Exhibit "D" to the Morgan Affidavit. An additional copy of the Purported Arbitration Award is attached hereto as Exhibit "A."

22. Upon receipt of the Purported Arbitration Award, Plaintiffs, through legal counsel, wrote to AAI on March 26, 2004, informing AAI that neither Countrywide nor Zuniga had any contract or agreement of any kind with Zumpano that contained any agreement or consent to arbitration, that the Plaintiffs herein did not agree to, and indeed objected to, any arbitration of or relating to any claim between Zumpano and the Plaintiffs herein, and either of them, and of the defective and ineffective service on Plaintiffs, and demanding that AAI vacate the Purported Arbitration Award, and notify Countrywide in writing of the vacature of that the Purported Arbitration Award, by March 30, 2004. That March 26, 2004, letter to AAI is identified as Exhibit "E" to the Morgan Affidavit.

23. AAI failed and refused to vacate the Purported Arbitration Award.

24. Any action to have the Purported Arbitration Award confirmed or otherwise enforced as an order or judgment of any court in any jurisdiction or venue, or to otherwise directed

toward or seeking to collect upon or otherwise enforce the Purported Arbitration Award, or to sell, assign, or otherwise transfer, lien, or encumber the Purported Arbitration Award, or any rights or interests in, to, or under it, to some other person or entity for collection or enforcement (any and all such intended or possible actions relating or pertaining to the Purported Arbitration Award are referred to hereinafter collectively as "**Enforcement Action**"), during the pendency of this action would result in immediate, great, and irreparable injury and damage to Plaintiffs, including, but not limited to, continuing, ongoing, and further violation of their Constitutional rights of which the entry and existence of the Purported Arbitration Award are a violation, incurring additional unnecessary attorney fees and costs defending their Constitutional and other rights of which the entry and existence of the Purported Arbitration Award are a violation, and damage to the Plaintiffs' respective credit ratings and relationships. Plaintiffs have no plain, speedy, or adequate remedy at law unless any and all Enforcement Action is restrained and enjoined.

25. This Court has previously entered a temporary restraining order in this case restraining and enjoining any Enforcement Action relating or pertaining in any way to the Purported Arbitration Award.

26. Plaintiffs have already posted a temporary restraining order bond in this case in the amount of $1,000 (the "**Bond**").

Based thereupon, the Court now enters the following:

## CONCLUSIONS OF LAW

1. In order for any dispute or claim to be arbitrable, all parties must agree in writing that it will be arbitrated. E.g., 9 U.S.C. §§ 2 & 4; AT&T Technologies, Inc. v.

Communications Workers, 475 U.S. 643, 648 (1986); United Steelworkers v. Warrior & Gulf Navig. Co., 363 U.S. 574 (1960); McCarthy v. Azure, 22 F.3d 351, 354 (1st Cir. 1994); Paine-Webber, Inc. v. Hartmann, 921 F.2d 507, 511 (3rd Cir. 1990); Ore & Chemical Corp. v. Stinnes Interoil, Inc., 606 F.Supp. 1510 (SD NY 1985); Midland Tar Distillers, Inc. v. M/T Lotos, 362 F.Supp. 1311 (SD NY 1973).

2. Parties to a dispute have a fundamental, Constitutional right to a judicial forum for the settlement of disputes, which cannot be circumvented by arbitration unless the party has expressly agreed in writing to arbitrate. Determination of whether a party has agreed to arbitrate is subject to strict scrutiny, because absent a valid agreement to arbitrate parties have a fundamental, Constitutional right to litigate disputes in a judicial forum. E.g., Pacemaker Diag. Clinic of Amer. v. Instromedix, 725 F.2d 537, 541 (9th Cir. 1984).

3. Since neither Countrywide nor Zuniga signed any written contract or other written agreement providing for, nor otherwise agreed to, any arbitration of any claims involving or relating to Zumpano, the Court finds and concludes that there was no arbitrable case before AAI; the Court finds and concludes that the Purported Arbitration Case and the Purported Arbitration Award, conducted and entered in the absence of any such written arbitration agreement signed by Countrywide and Zuniga, is and are a complete nullity, void, and invalid, including as being in violation of Plaintiffs' Constitutional rights to litigate any dispute in a judicial forum, which Constitutional rights Plaintiffs had not waived.

4. In addition to the above, the Federal Arbitration Act states that where a party fails or refuses to arbitrate, the other party to a dispute must obtain from a United States

district court an order directing that such arbitration proceed, upon proof of the existence of and consistent with the manner provided for in such agreement. 9 U.S.C. § 4.

5. Further pursuant to the Federal Arbitration Act, notice of such United States district court proceedings seeking to compel arbitration to proceed must be served "in the manner provided by the Federal Rules of Civil Procedure." Id.

6. Since neither Countrywide nor Zuniga was ever served with any notice of any proceedings in any United States district court for any order directing or compelling either of them to proceed with arbitration with Zumpano, in addition to the lack of any agreement of Countrywide or Zuniga to arbitrate, nor with any order directing or compelling them to arbitrate with Zumpano, the Purported Arbitration Award is also void and invalid for the failure of Zumpano to have petitioned the Court for and to have served Countrywide and Zuniga with notice of proceedings for and an order directing or compelling them to proceed with any arbitration with Zumpano. Due to such failures of Zumpano, in addition to the lack of any agreement to arbitrate, AAI lacked any authority and jurisdiction over Countrywide and Zuniga, and to issue any valid arbitration award.

7. Zumpano's mailing of the Purported Arbitration Claim, and various other documents, to "Michael Zunign, Countrywide Home Loans", did not constitute or effect valid service upon Countrywide, nor upon Zuniga, including, among other reasons, because neither Countrywide nor Zuniga signed any written contract or other written agreement providing for, nor otherwise agreed to, any arbitration of any claims involving or relating to Zumpano, and because such mailing by Zumpano did not pertain to any United States district court proceedings

seeking to compel arbitration. 9 U.S.C. § 4; Fed. R. Civ. P. 4.

8. For each of the foregoing reasons and bases, this Court is authorized to, vacate and set aside the Purported Arbitration Award. E.g., 9 U.S.C. § 10(a); O'Ryan Shipping and Trading Company v. Eastern States Petroleum Corp., 312 F.2d 299, 300-01 (2nd Cir. 1963).

9. Zumpano's Deficiency Note is still valid, enforceable, and in full force and effect, notwithstanding anything in or that occurred in or relating to the void and invalid Purported Arbitration Case and Purported Arbitration Award. A copy of the Deficiency Note is attached hereto as Exhibit "B."

10. In light of the above, any actual or attempted Enforcement Action relating or pertaining in any way to the Purported Arbitration Award would cause immediate, great, and irreparable injury and damage to Plaintiffs, including, but not limited to, continuing and ongoing violation of their Constitutional rights of which the entry and existence of the Purported Arbitration Award are a violation, incurring additional unnecessary attorney fees and costs defending their Constitutional and other rights of which the entry and existence of the Purported Arbitration Award are a violation, and damage to the Plaintiffs' respective credit ratings and relationships.

11. An Order and Preliminary Injunction shall be entered vacating and setting aside the Purported Arbitration Award, enjoining any Enforcement Action relating or pertaining to the Purported Arbitration Award, and confirming the continuing validity of the Deficiency Note, all consistent with the above Findings of Fact and Conclusions of Law. Plaintiffs' Bond shall also and now serve as security for the preliminary injunction. No other or further bond or

security, nor any further notice thereof needs to be prepared or filed with respect to the preliminary injunction.

DATED this 8 day of July, 2004.

BY THE COURT

Tena Campbell
District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of June, 2004, I caused to be served a true and correct copy of the foregoing **FINDINGS OF FACT AND CONCLUSIONS OF LAW** by first-class mail, postage fully prepaid, to each of the following:

Richard F. Zumpano
534 South Chestnut Street
Princeton, Illinois 61356

Winston Shrout
Box 380141
Ivins, Utah 84738



ARBITRATION ALLIANCE INTERNATIONAL
31 North 700 East Suite 254
St. George Utah 84770
Phone: 435-652-8546

9 February 2004

RICHARD F ZUMPANO
166 LAKESIDE DR #1621
ST CHARLES IL 60174
Claimant

MICHAEL ZUNIGN
COUNTRYWIDE HOME LOANS
450 AMERICAN ST
SIMI VALLEY CA 93065
Respondent

RE: RICHARD F ZUMPANO. vs MICHAEL ZUNIGN
AAI File Number: AAI03002211/47106
Claimant Reference Number: RFZ-10272003-CHL-AFV

PAID IN FULL

The undersigned Arbitrator in this case FINDS:

1. That no known conflict of interest exists.
2. That on or before On or about 12 November 2003 the Parties entered into an agreement providing that this matter shall be resolved in accordance with the AAI Code of Procedure.
3. That the Claimant has filed a claim with AAI and served it on the Respondent.
4. *That the matter has proceeded in accord with the applicable AAI Code of Procedure.*
5. The Parties have had the opportunity to present all evidence and information to the Arbitrator.
6. That the Arbitrator has reviewed all evidence and information submitted in this case.
7. That the information and evidence submitted supports the issuance of an Award as stated.

Therefore, the Arbitrator ISSUES:
An Award in favor of the Claimant, for a total amount of $40,900.00. I hereby Order this case be dismissed with Prejudice.

Entered in the State of Utah

Winston Shrout
Winston Shrout Arbitrator
Date: 9 February 2004

ACKNOWLEDGEMENT
This Award duly recorded and
Delivered to the parties

Nicholas W. Bird
Director of Arbitration
Date: 9 February 2004

Exhibit "A"

52D1AAI08012004 AAI

AWARD NOTICE TO: Respondent

Heloc# 1192268
CHL # 8441156. 1st

**EXHIBIT B**

## UNSECURED PROMISSORY NOTE

THIS PROMISSORY NOTE ("Note) is made on March 31, 2003. FOR VALUE RECEIVED, and intending to be legally bound, the undersigned individual(s) (the "Obligor(s)") promise(s) to pay to Countrywide Home Loans, anyone who takes this Note by transfer, including successors and/or assigns (the "Obligee"), the principal sum of ten thousand dollars (U.S. $10,000.00) payable in 60 equal monthly installments of one hundred eighty eight dollars and seventy one cents (U.S. $188.71) at an interest rate of 5.00%.

☐ The first installment is due on the first day of June, 2003, and subsequent payments are due and payable on the first day of each month thereafter until the principal sum outstanding and any late charges or other amounts due and owing under this Note are paid in full.

Obligor will make monthly installments payable to Countrywide Home Loans and deliver them to:

Countrywide Home Loans
450 American Street
Attn: Michael Zuniga
MS: SV3-70
Simi Valley, CA. 93065
Telephone number: 1-800-669-2443 ext. 3239

or to such other servicer or such other address as Obligee may hereafter designate in writing to Obligor.

Obligor may prepay the unpaid indebtedness hereof at any time in whole or in part without prepayment charge or premium. Obligee will apply partial prepayments to the principal; partial prepayments will not affect the amount or due date of monthly installments, except that the final payment date will occur earlier and the final installment may be smaller than scheduled.

Failure of the Obligor to pay any installment on or before the first day of the month in which it is due means that the Obligor is in default under this Note.

In the event the Obligor fails to make payment of any installment due hereunder by the fifteenth day of the month in which it is due, Obligor agrees to pay a late fee on such installment in the amount of ten percent (10%) of the regular payment, to the extent not prohibited by applicable law. Installment payments will be applied first to the longest outstanding installment.

In the event the Obligor fails to make payment of any installment due hereunder by the thirtieth day of any month, the entire unpaid balance of this Note plus any unpaid late fees and other sums due hereunder shall at the option of the Obligee become due and payable immediately. The Obligee may exercise this option to accelerate regardless of any prior forbearance, and shall not by any act of omission or commission be deemed to have waived any of its rights or remedies hereunder unless such waiver be in writing and signed by Obligee.

The Obligor consents to the Obligee commencing action on this Note at any time after acceleration in the State of Illinois (the "State"), and the Obligor expressly agrees to be bound by the jurisdiction of the appropriate court in the State. In the event the Obligee takes action to collect any sums owing hereunder, the Obligee may also recover from the Obligor all costs of such action, including costs of suit and other expenses in connection therewith, and including attorney's fees for collection, to the extent not prohibited by applicable law. Attorney's fees shall be a reasonable amount not to exceed the maximum amount permissible by state law.

EXHIBIT "B"

The Obligor hereby waives presentment for payment, protest, demand and notice of nonpayment, and agrees that, without affecting Obligor's liability, the Obligee may, without notice, renew or extend the time for payment, or accept partial payments.

This Note shall be the joint and several obligation of all makers, sureties, guarantors and endorsers and shall be binding on them and their successors and assigns. When the context requires, singular nouns and pronouns include the plural.

Unless applicable law requires a different method, any notice to Obligor shall be given by mailing such notice by first class mail addressed to Obligor at the address stated below or to such other address as Obligor may designate by written notice to the address to which payments are made. Obligor shall give such notice within 30 days of any change of address.

In the event any one or more of the provisions contained in this Note shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall be construed as if such invalid, illegal or unenforceable provision(s) had never been contained herein.

This Note and the obligations of the undersigned shall be governed by the laws of the State.

Obligor: [signature] 4/7/03 RICHARD F. ZUMPANO
[Richard F. Zumpano] [signature]

Obligor's social security number: 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
Obligor's phone: 815-579-1197 (cell) 815579-1197
[Day] [evening]

Obligor's new mailing address:
106 LAKESIDE DRIVE #111
ST. CHARLES, IL 60174

Obligor: ........................ [signature]
[ ]
Obligor's social security number: ______
Obligor's phone: ______ ______
[Day] [evening]
Obligor's new mailing address:
______
______

Subscribed and sworn to before me this 9th day of April, 2002.

[signature] June 29, 2003
Notary Public My Commission Expires

Lender name: Countrywide Home Loans Lender loan number: 8441156

OFFICIAL SEAL
WENDY C HUTTON
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES JUNE 29, 2003

*(page 2 of 2 pages)*

alt

United States District Court
for the
District of Utah
July 9, 2004

* * CERTIFICATE OF SERVICE OF CLERK * *

Re: 2:04-cv-00390

True and correct copies of the attached were either mailed, faxed or e-mailed by the clerk to the following:

Mr. Daniel W. Anderson, Esq.
FABIAN & CLENDENIN
215 S STATE STE 1200
PO BOX 510210
SALT LAKE CITY, UT 84151
EMAIL